JUSTICE TRIEWEILER
specially concurring.
I concur with the result of the majority’s decision.
I disagree with the majority’s conclusion that the language in § 49-4-101, MCA, is different in any practical respect from 29 C.F.R. § 1613.702(f). Both provisions permit an employer to consider whether a person’s disability would subject that person or fellow workers to harm in the work place. Therefore, I see no reason not to follow Mantolete v. Bolger (9th Cir. 1985), 767 F.2d 1416. I would require the same showing in Montana that is required under federal law where an employer denies employment based on an allegation that an applicant’s disability creates a risk of harm to him or herself or to others.
Based on the Mantolete standard concerning risk of injury, I would conclude that Conoco has not established as a matter of law a nondiscriminatory reason for failing to hire Hafner. I otherwise concur with the majority opinion and would reverse the judgment of the District Court.
JUSTICE HUNT joins in the foregoing concurring opinion.